IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **TYLER THOMPSON,** § § § § | |
| Plaintiff, § | Civil Action No. 4:22-cv-02667 |
| § | |
| v. § | |
| § | |
| § | |
| **RX PHARMACY SOLUTIONS, LLC** § | **Jury Trial Demanded** |
| **D/B/A MY ALL NATURAL** § | |
| **SOLUTIONS** § | |
| Defendants § | |
| § | |

# COMPLAINT

**Tyler Thompson** (Plaintiff), by and through his attorneys, alleges the following against **RX Pharmacy Solutions, LLC d/b/a My All Natural Solutions** ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this case under 28 U.S.C. §1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, confirmed as applying to cases under the TCPA by <u>Mims v. Arrow Financial Services, LLC</u>, 565 U.S. 368 (2012).

3. This Court has supplemental jurisdiction over the Plaintiff's state law claim under 28 U.S.C. § 1367.

1

4.	This Court has personal jurisdiction over Defendant because Defendant sent or caused to be sent text messages to Plaintiff's cell phone and sent product to Plaintiff Pasadena home address.

5.	Furthermore, upon information and belief, Defendant sent or caused to be sent a series of text messages advertising its product to Plaintiff to Plaintiff's "281" area code cell phone which is associated with the Houston, Texas region.

6.	Accordingly, Defendant purposefully and knowingly availed itself to the State of Texas.

7.	Accordingly, specific personal jurisdiction exists, and venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

8.	Plaintiff is a natural person and resided in Pasadena, Texas 77503 during the times relevant to this lawsuit.

9.	Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

10.	Defendant is a corporation with national headquarters, principal place of business or otherwise valid mailing address at 17470 North Pacesetter Way, Scottsdale, Arizona 85225.

11.	Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

12.	Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

13.	|At all times relevant hereto, Plaintiff owned a cell phone, the number for which was (281) XXX-9798.

14.	Plaintiff used that phone for primarily residential purposes.

15. Plaintiff registered his phone number on the Do Not Call registry on December 4, 2019.

16. Plaintiff did so in order to obtain solitude from unwanted telemarketing calls.

17. Defendant had been inundating Plaintiff with solicitation texts for most of 2020 to Plaintiff's personal cell phone.  Plaintiff eventually asked Defendant to stop all solicitations on or around October 29, 2020, however, the solicitation texts continued.

18. Plaintiff received those solicitation texts on instances including, but not limited to, the following:

- December 4, 2020 at 9:01 AM from 1-216-225-8557
- December 17, 2020 at 12:41 PM from 1-517-617-0614

18. In order to get the unwanted solicitation texts to stop, Plaintiff ordered Defendant's product on or around December 17, 2020 to ascertain the company that was sending him unwanted text messages.

19. On or around December 21, 2020, Plaintiff received the product with Defendant's information and immediately asked Defendant to stop all solicitation texts.  However, Plaintiff kept receiving solicitations texts on instances including, but not limited to, the following:

- January 16, 2021 at 10:10 AM from 1-469-668-6783
- January 16, 2021 at 10:11 AM from 1-469-668-6783
- January 26, 2021 at 9:37 AM from 1-469-318-8351
- February 28, 2021 at 5:04 PM from 1-407-973-7281

20. Plaintiff did not provide express written consent prior to the commencement of those texts.

21. Once Defendant was informed that its texts were unwanted and that Plaintiff wanted Defendant to stop texting his cellular telephone, its continued text solicitation could have served no lawful purpose.

22. Despite Plaintiff's clear demand to refrain from contacting him, Defendant persisted in texting Plaintiff repeatedly.

23. Defendant's solicitation texts were bothersome, disruptive and frustrating for Plaintiff to endure.

## COUNT I
## **DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(c)(5)**

24. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

25. The TCPA prohibits any person or entity of initiating two or more telephone solicitations in a calendar year to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

26. Defendant sent or caused to be sent solicitation texts to Plaintiff's number during a calendar year, despite the fact that Plaintiff's number was registered on the Do Not Call Registry since December of 2019.

27. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton, and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

28. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

## COUNT II
## DEFENDANTS VIOLATED § 302.101 of
## THE TEXAS BUSINESS & COMMERCE CODE

30. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

31. §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

32. Defendant violated § 302.101 of the Texas Business & Commerce Code when their representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

33. §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all

reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

WHEREFORE, Plaintiff, TYLER THOMPSON, respectfully prays for judgment as follows:

    a.    All actual damages Plaintiff suffered (as provided under 47 USC 227 c5B

    b.    Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(c)(5)(C)) ;

    c.    Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(c)(5)(C));

    d.    Statutory damages of $5,000 per violation (as provided under §302.302(a) of the Texas Business & Commerce Code);

    e.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to §302.302(a) of the Texas Business & Commerce Code;

    f.    Injunctive relief (as provided under 47 U.S.C. § 227(c); and

    g.    Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

**Please take notice** that Plaintiff, **Tyler Thompson**, demands a jury trial in this case.

Respectfully submitted,

Dated: August 09, 2022 /s/ Jacob U. Ginsburg
Jacob U. Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Ave.
Ambler, PA 19002
Phone: 215-540-8888 ext. 104
Facsimile: 877-788-2864
Email: jginsburg@creditlaw.com
teamkimmel@creditlaw.com